UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KRYSTA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21CV465-PPS/SLC |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Krysta Smith has appealed from an administrative law judge's denial of her application for Social Security disability insurance benefits following an earlier remand by another judge of this court for reconsideration. Smith claims that the ALJ failed to account for all of her limitations in the ALJ's formulation of Smith's residual functional capacity. I agree that Smith's serious mental health issues were not adequately taken into account by the ALJ, so a remand is required.

## **Background**

On April 13, 2017, at age 29, Krysta Smith applied for supplemental security income, claiming that she was disabled as of June 20, 2005 at age 17. [AR 660, 688.[1]] At a 2018 hearing, Smith's counsel amended the alleged onset date to the application date, April 13, 2017. [AR 655.] An ALJ determined that Smith was not entitled to benefits,

---

[1] The Administrative Record (AR) in this case is found at Docket Entry 11 and consists of 1629 pages. Citations are to the page number in the lower right-hand corner of the AR.

and Smith appealed the final decision to this court for review. [DE 16 at 4.] In that case, *Smith v. Saul*, Case No. 1:20CV55-HAB/JPK, Judge Brady reversed the Commissioner's decision and remanded the matter for further proceedings. [*Id.*] On her second go-round before the Social Security Administration, Smith was again denied benefits, and she now appeals for a second time, alleging new and different errors in the Commissioner's more recent analysis of her claim. [*Id.*]

In the written decision now under review, the ALJ determined that Smith has a slew of severe impairments: bilateral thumb tendinitis/trigger thumbs, status post thumb surgeries in 2018, degenerative disc disease of the thoracic spine, diabetes, rheumatological arthritis of the knees, obesity, asthma, headache, bilateral hearing loss/tinnitus/acute mastoiditis, generalized anxiety disorder, panic disorder, major depressive disorder and unspecified personality disorder. [AR 657.] The ALJ then determined that Smith did not meet any of the applicable social security listings for disability. [AR 665.]

At the next step, the ALJ determined Smith's residual functional capacity or RFC. She determined that Smith is capable of performing work at the light level as defined in 20 CFR §416.967(b) with the following exceptions. Smith can occasionally climb ramps and stairs, but never ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, couch and crawl, as well as frequently handle and finger using the bilateral upper extremities. She should avoid concentrated exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, and poor ventilation, and should avoid all

2

exposure to unguarded moving machinery, unprotected heights, slippery, uneven or moving surfaces.  She should avoid loud noise and avoid working outdoors.  Smith can understand, remember, and carry out simple instructions delivered face to face or in writing and simple tasks. She can make judgments on simple work-related decisions, respond appropriately to occasional interactions with coworkers and supervisors in small groups of 10 people or less, but she should avoid work activity requiring interactions with the general public.  She can respond appropriately to usual work situations, and can deal with routine changes in a routine work setting free from fast paced production requirements and with few, if any, changes in work setting, tools and processes.  [AR 667.]

The ALJ then posed the RFC and some additional hypothetical questions to a vocational expert who testified whether a hypothetical person with Smith's RFC could likely find gainful employment. [AR 708-711.] Although Smith had no past relevant work, the ALJ found that there are jobs that exist in significant numbers in the national economy that Smith can perform. [AR 670-71.] As a result, the ALJ found that Smith was not disabled within the meaning of the Social Security Act and its regulations.

## Discussion

In a Social Security disability appeal, my role as district court judge is limited. My job is to review the ALJ's written decision to determine whether the ALJ applied the correct legal standards and whether the decision's factual determinations are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). If substantial

evidence supports the ALJ's factual findings, they are conclusive. *Id.*; 42 U.S.C. §405(g). The Supreme Court has said that "substantial evidence" means more than a "scintilla" of evidence, but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004).

My review is guided by the principle that "[t]he ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [I] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Given this modest standard, the review is a light one. But of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003)).

Born on November 30, 1987, Smith was 33 years old at the time of her second hearing before an ALJ on June 10, 2021.  [AR 680, 686.] Smith was home-schooled, and though she took GED classes, she had not taken the test for a high school equivalency certificate.  [AR 686.]  Smith reports that she has never worked.  [AR 232.]  Smith testified that she is 5'7" tall and weighed 305 pounds.  [AR 688.]  Her one child, a

4

daughter, was then 5 years old.  [AR 668, 669.]  Smith is an insulin-dependent diabetic.  [AR 693.]  She uses a nebulizer several times a week to administer medication for pulmonary issues, after which she is shaky and lightheaded for about 90 minutes. [AR 692-93.]  Smith sought counseling assistance for anxiety and depression as long ago as October 2014. [AR 318-19.]  She regularly sees a mental health counselor and a psychiatrist, and is prescribed Buspar, Trazadone, Hydroxyzine and Cymbalta to treat her mental health.  [AR 662.]  Smith testified that she experiences anxiety attacks multiple times each day, and has episodes of sadness and crying several times each week.  [AR 663.] Although Smith has a driver's license, she did not drive for six months prior to the hearing because driving causes her to have serious anxiety issues. [AR 700.]

### The RFC Failed to Account for All Limitations

Smith argues that, in formulating the RFC, the ALJ failed to account for all of Smith's limitations.  [DE 16 at 12.]  She notes the record evidence as to the frequency and severity of her panic attacks and other mental health issues.  [*Id*. at 9-11.]   I find the ALJ' treatment of Smith's significant history of mental health issues and treatment to be insufficient to create a logical bridge to her conclusions about Smith's psychological functional capacity.

The ALJ's August 17, 2021 decision reflects aspects of Smith's significant mental illness history, but merely notes that her "condition improved after discharge" following a very recent hospitalization from June 11 to 15, 2021 for "suicidal ideation, urges to self harm and increased symptoms of depression and anxiety."  [AR 668, 669.]

5

This hospital admission appears to represent the most serious episode of Smith's ongoing mental health history, and occurred just after the ALJ's evidentiary hearing. Smith's symptoms leading to her hospitalization included daily panic attacks, feelings of hopelessness, burning herself with a lighter, urges to kill herself when doing dishes and having a knife in her hand, and visual hallucinations of bugs all around her and all over her (attributed to a side effect of new medication). [AR 1520.] As evidence of the improvement the ALJ claims occurred after Smith's discharge from the hospital, the ALJ unhelpfully cites Exhibit 22F of the administrative record, but that is a document of 104 pages. [AR 669.] The lack of a pinpoint cite leaves me unable to confirm and verify the support in the record for the ALJ's statement that Smith's condition improved, much less whether it did so appreciably and meaningfully.

Reviewing the voluminous exhibit myself, I find only one record of post-hospitalization assessment of Smith's mental health, a "Person Centered Recovery Plan" dated June 21, 2021. [AR 1531-1538.] The plan lists seven sets of objectives for Smith's "active problems," and contains a current rating of Smith's accomplishment of each objective. [AR 1535-1538.] The best assessment of Smith's accomplishment of the objectives is a mere 18 out of 100. [AR 1536.] This score certainly does not indicate significant improvement of her condition following her hospitalization. Also within Exhibit 22 is the record of a follow-up appointment on that same date, June 21, 2021, indicating that Smith herself reported "doing well since being discharged from impatient," but this is hardly an expert medical assessment of her progress. [AR 1578.]

The RFC contains no limitations that reflect Smith's serious challenges with depression and anxiety and their impact on her ability to cope with the stress of workplace responsibilities, decisionmaking, change and personal interactions.  Given the extreme seriousness of Smith's mental health symptoms in June 2021, within weeks of the ALJ's decision, the ALJ does not provide substantial evidence in support of her conclusions that Smith's residual functional capacity contains so few and such relatively minor psycho-social limitations.

Smith also points out that the ALJ's hypothetical to the vocational expert failed to fully present the ALJ's determination that Smith had moderate limitations in understanding, remembering or applying information, as well as in concentrating, persisting or maintaining pace.  [DE 23 at 3.]  Despite these findings [AR 660], the ALJ gave the VE a hypothetical describing an individual who can "understand, remember and carry out simple instructions," "make judgments related to the same," and "deal with routine changes in a routine work setting."  [AR 708.]  The Seventh Circuit found just such an approach inadequate in *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018), and *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019), where references to simple work instructions and routine, low-stress work were found not to adequately present limitations in concentration, persistence and pace.  This is all the more so in an individual such as Smith who also suffers from anxiety disorder and panic disorder.

Although there are no magic phrases that must be used, or may not be used, in describing deficiencies of temperament or mental acuity, "caselaw emphasizes that

7

'both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record,' including even moderate limitations in concentration, persistence, or pace." *Crump*, 932 F.3d at 570. The ALJ's failure to fully capture the claimant's limitations provides an insufficient basis for the VE to assess Smith's capability of performing available jobs and warrants remand. *Crump*, 932 F.3d at 570; *Moreno*, 882 F.3d at 730.

## Conclusion

In sum, the ALJ's conclusions about Smith's mental and emotional impairments are not supported by substantial evidence. On remand, the ALJ should properly analyze the record of Smith's mental and emotional health problems and treatment, and build a logical bridge to the related limitations in Smith's residual functional capacity. Both the RFC and the hypothetical posed to the vocational expert must contain all of the limitations supported by Smith's medical record. Because I am remanding this case for these reasons, I need not discuss the remaining issues raised by Smith. She can raise those issues directly with the ALJ on remand.

ACCORDINGLY:

The decision of the Commissioner denying Krysta Smith's application for Social Security disability benefits is REVERSED and REMANDED for further proceedings consistent with this opinion.

SO ORDERED on October 24, 2022.      /s/ Philip P. Simon
                                     UNITED STATES DISTRICT JUDGE